UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROCHESTER CITY SCHOOL DISTRICT,

                Plaintiff,

                                              DECISION & ORDER

                                              17-CV-6572L

                v.

ARAMARK EDUCATIONAL SERVICES, LLC,

                Defendant.
_____


**INTRODUCTION**

Plaintiff Rochester City School District ("RCSD") commenced this lawsuit by filing a complaint in New York State Supreme Court, Monroe County, on or about June 30, 2017. The action is brought against defendant Aramark Educational Services LLC ("Aramark"), seeking damages in the amount of $1,020,000 for an alleged breach of a contract between RCSD and Aramark.

On August 16, 2017, Aramark, which is a Delaware corporation with a principal place of business in Pennsylvania, removed the action to this Court, on the ground of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. RCSD has moved to remand the action to state court, pursuant to 28 U.S.C. § 1447(c). For the following reasons, the motion is granted.

## BACKGROUND

For purposes of the motion to remand, the substantive details of the contract between RCSD and Aramark are not important, but the contract generally relates to Aramark's provision of food service management at RCSD schools for the 2009-2010 school year. *See* Dkt. #1-2 at 37-49. RCSD's complaint alleges that Aramark breached certain provisions of the contract relating to trash removal. *See* Dkt. #1-2 at 6-8.

The contract contains a clause stating, "This contract shall be construed under the laws of the State of New York. Any action or proceeding arising out of this contract shall be brought in the appropriate courts of the State of New York." (Dkt. #1-2 at 49.) Aramark contends that this means that any action arising out of the contract may be brought in either a state or federal court *in* New York; in other words, that the clause is geographical, not jurisdictional, in its focus. *See* Defendant's Notice of Removal ¶ 3 (asserting that "disputes involving the contract are to be brought in the state or federal courts of New York"). Thus, according to Aramark, it was free to remove the action to federal court.

## DISCUSSION

### I. General Principles

"The federal district courts have 'original jurisdiction' of civil actions 'arising under' federal law, and unless otherwise provided by Congress, they have removal jurisdiction over 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *N.Y. ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting 28 U.S.C. §§ 1331, 1441(a)).

The defendant, as the party seeking removal and asserting federal jurisdiction, bears the burden of demonstrating by a preponderance of the evidence that the district court has jurisdiction and that removal was proper. *See McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 144 (2d Cir. 2017); *Nguyen v. American Express Company*, __ F.Supp.3d __, 2017 WL 4641249, at *2 (S.D.N.Y. 2017). Any doubts regarding this Court's jurisdiction are to be resolved against removal. *See In re World Trade Ctr. Disaster Site Litig.*, 270 F.Supp.2d 357, 366 (S.D.N.Y. 2003) ("uncertainties are to be resolved in favor of remand, in order to promote the goals of federalism, the limited jurisdiction of federal courts, and the right of plaintiffs to choose the forum in which to bring suit") (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

There is also authority that to be given effect by the courts, "[a]ny waiver of the right of removal 'must be clear and unequivocal. If the forum selection clause is ambiguous in that it is susceptible of two reasonable meanings, it will be construed against the party who drafted it.'" *JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 611 F.Supp.2d 389, 390 (S.D.N.Y. 2009) (quoting *John's Insulation, Inc. v. Siska Constr. Co.*, 671 F.Supp. 289, 294 (S.D.N.Y. 1987)).

"That does not mean, however, that a forum selection clause must contain some particular language to constitute a waiver of the right to remove. The question is simply whether, giving the contract its plain, ordinary meaning, it clearly demonstrates an intent by the parties to effectuate a waiver." *Frankford Crossing Shopping Ctr. Dallas, Texas Ltd. Partnership v. Pho Partners, LLC*, 942 F.Supp.2d 366, 372 (W.D.N.Y. 2013). *See New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 548 (3d Cir. 2011) (stating that the "courts have required that waivers of removal rights be 'clear and unequivocal,' ... have done so in the context of non-contractual,

litigation-based waivers or have relied upon such cases," and cautioning that where the parties have entered into a contract containing a forum selection clause, the "clear and unequivocal" standard should not be made "so stringent as to be contrary to the right of parties to contract in advance regarding where they will litigate") (internal quote omitted).

"According to the Supreme Court, forum selection clauses 'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'" *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). While courts will not lightly infer a waiver of jurisdiction, absent a clear indication of a party's intent to do so, *see Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011), the fact remains that "[p]arties are free to bind themselves to forum selection clauses that trump what would otherwise be a right to remove cases to federal courts." *Yakin*, 566 F.3d at 76.

Consequently, there is "a strong presumption favoring enforcement of freely negotiated choice of forum provisions." *Wells Fargo Century, Inc. v. Brown*, 475 F. Supp. 2d 368, 371 (S.D.N.Y. 2007). Thus, if a contractual clause unambiguously evinces the parties' freely-negotiated agreement selecting a particular forum for litigation arising out of the contract, the clause will be enforced, absent extraordinary or unusual circumstances such as fraud or overreaching. *Jones v. Weibrecht*, 901 F.2d 17, 18 (2d Cir. 1990); *Vista Food Exchange, Inc. v. Champion Foodservice, L.L.C.*, No. 14 Civ. 804, 2014 WL 3857053, at *3 (S.D.N.Y. Aug. 5, 2014); *RES Exhibit Services, LLC v. Tecan Group, Ltd.*, No. 09-CV-6659, 2010 WL 2545772, at *3 (W.D.N.Y. June 21, 2010). *See also Snapper, Inc. v. Redan*, 171 F.3d 1249, 1261 (11th Cir.

1999) (noting the "general trend of interpreting the removal statutes against removal" and "the outdated notion that forum selection clauses are disfavored").

"A forum selection clause may bind parties to either a specific jurisdiction [*e.g.*, state or federal court] or ... a specific venue," such as Monroe County. *Yakin*, 566 F.3d at 76. A forum-selection clause can also be mandatory or permissive: in other words, it might *require* the parties to bring any dispute to a designated forum, or simply *permit* them to do so. *Global Seafood*, 659 F.3d at 224. To put it another way, "[f]orum-selection clauses are mandatory when they require that disputes be heard exclusively in a particular forum, and permissive when they simply confer jurisdiction on that forum." *General Elec. Capital Corp. v. Cutler*, No. 15 Civ. 4420, 2015 WL 7444627, at *3 (S.D.N.Y. Nov. 23, 2015) (citing *Global Seafood*, 659 F.3d at 225). In deciding whether a given clause is permissive or mandatory, courts focus on whether the contract contains language indicating an intent to make a designated forum exclusive. *Global Seafood*, 659 F.3d at 225.

**II. Application to this Case**

In the case at bar, I conclude that the parties' contract evinces an intent to make state courts in New York the exclusive forum for actions arising out of the contract. The Court therefore remands the action to state court.

Other district courts in this circuit have held that a forum-selection clause requiring an action to be brought in "the courts of the State of New York" is mandatory, and confers exclusive jurisdiction on New York *state* courts, not on state *or* federal courts *in* New York. *See, e.g., Niagara Mohawk Power Corp. v. Windstream Communications, LLC*, 172 F.Supp.3d 594, 595-

96 (N.D.N.Y. 2016) (concluding that a forum-selection clause providing that "[a]ny action at law, suit in equity or judicial proceeding initiated by either party arising out of this Agreement shall be instituted only in the courts of the State of New York," made it "clear that only a New York State Supreme Court has jurisdiction to resolve this dispute," and that "removal to this Court was improper"); *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.*, No. 04 Civ. 4991, 2004 WL 2360033, at *6 (S.D.N.Y. Oct. 19, 2004) ("The language, '[a]ny proceeding shall be initiated in the courts of the State of New York,' clearly establishes exclusive jurisdiction in New York state courts"), *aff'd*, 422 F.3d 72 (2d Cir. 2005). *See also Sahara Sam's Oasis, LLC v. Adams Companies, Inc.*, No. 10-0881, 2010 WL 3199886, at *6 (D.N.J. Aug. 12, 2010) ("As a matter of contract interpretation, when a contract term refers to the courts 'of' a certain state or county, it is a marker of sovereignty rather than geography, and therefore only state courts are implicated"). *Cf. Eklecco Newco, LLC v. Gloria Jeans's Gourmet Coffees Corp.*, No. 08-CV-861, 2009 WL 21854095, at *1, *3 (N.D.N.Y. July 17, 2009) (stating that lease providing that "any dispute concerning an interpretation of any portion of the Lease or the conduct of the parties hereunder shall be brought in either Syracuse, New York, or in the jurisdiction where the Premises is located" was "silent as to the parties' intent regarding federal or state jurisdiction," and holding that remand would therefore be improper).

In support of its position, Aramark cites the well-established principle that "an interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless ... is not preferred and will be avoided if possible." *Galli v. Metz*, 973 F.2d 145, 149 (2d Cir. 1992). According to Aramark, interpreting the contract to limit jurisdiction to state courts would render the contract's use of the plural "court*s*" meaningless, since only one New

York state court–Supreme Court, Monroe County–would be an appropriate state forum here. Thus, so Aramark's logic goes, the parties must have envisioned that some additional, other court–*i.e.*, federal court–might also be an appropriate forum.

That reasoning is unpersuasive. Had the parties meant to allow for an action to be litigated in this Court, they could very easily have made that clear, in their contract. For example, they could have inserted the words "state or federal" before the word "courts." Since there is both a state and federal court in Monroe County, the parties could also have stated that an action had to be brought in "an appropriate court in Monroe County, New York." *See Eklecco Newco*, 2009 WL 2185405, at *3 (stating that since there is a federal court in Syracuse, New York, a clause requiring an action to be brought in Syracuse allowed for jurisdiction in either state or federal court). Or they could simply have stated that an action had to be commenced in an appropriate court "in" New York, rather than a court "of" New York state. In short, I do not view the forum-selection clause's use of the plural "courts" as a veiled allusion to both state and federal courts, as Aramark suggests.

Aramark next argues that "[a]t most, the [forum-selection] clause only mandates the court where any dispute must be **brought**." Def. Mem. (Dkt. #8) at 2-3 (emphasis in original). In other words, according to Aramark, under the contract, an action arising out of the contract must be *brought* in state court, but may be removed to, and litigated in, federal court.

That contention is contrary to the law of this Circuit. In *Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656 (2d Cir. 1988), the Court of Appeals for the Second Circuit held that a contractual clause providing that "[n]o action or proceeding shall be commenced ... except in the Supreme Court of the State of New York, County of New York,"

meant that an action brought in that court could not properly be removed to federal court. Discussing the contract's reference to the "commence[ment]" of a proceeding, the court stated that " the only plausible construction of the pertinent phrase is that Koch's removal constitutes the commencement of a 'proceeding' in federal court. Indeed, the parties' inclusion of the forum-selection clause makes little sense unless it precludes removal by Koch." *Id.* at 659.[1]

The same reasoning applies here. The self-evident purpose of a forum-selection clause is to establish the forum in which a case will be litigated. To require that a case be filed in state court, knowing that it will be subject to removal to federal court, seems pointless. If that had been the parties' intent, they could certainly have spelled that out, but in the absence of language doing so, the Court will not presume that the parties intended such a result.[2]

As noted, Aramark also cites the principle that an ambiguous forum-selection clause will be construed against the party who drafted it. Aramark states that RCSD drafted the contract at issue. *See* Def. Mem. (Dkt. #8) at 3. RCSD responds that the contract was based on a standard form contract drafted by the New York State Education Department, which is a separate entity from RCSD. *See* Plaintiff's Reply Mem. (Dkt. #9) at 6-8.

---

[1]In *Karl Koch*, the appellant, NYCCDC, brought a suit against the appellee, Koch, in state court. Koch then brought a diversity action against NYCCDC in federal court, and removed the state court action to federal court. The district court granted NYCCDC's motion to dismiss the federal action and remand the action that had been filed in state court. Although the facts in *Karl Koch* thus differed slightly from those here, the Second Circuit's reasoning is equally sound in this case.

[2]The Court notes that a case relied on by Aramark, *John's Insulation, Inc. v. Siska Constr. Co.*, 671 F.Supp. 289 (S.D.N.Y. 1987), in which the district court held that a clause stating that all actions "shall be commenced" in state supreme court did not preclude removal to federal court, was decided before the Second Circuit's decision in *Karl Koch*.

Regardless of who drafted the contract, this principle only comes into play if the forum-selection clause is ambiguous. As stated, this clause is not.

It is also worth pointing out that this was not a "consumer" contract, or a contract of adhesion, with the drafter of the contract in a position of economic power, relative to the other party. Both parties are sizable entities that were represented by counsel. Aramark has presented no reason why it could not have sought to negotiate a modification of the forum-selection clause, if it had any qualms about agreeing to it. By all indications, this was an arms-length contract, freely entered into by both sides, regardless of whether the contractual language was originally taken from a template or form contract. If Aramark wanted to have the option of litigating claims arising out of the contract in federal court, it was free to make that a condition of its entering into the contract. Aramark did not do so, and the Court will give full effect to the parties' forum-selection clause, as written.

## CONCLUSION

The motion to remand this action to state court filed by plaintiff Rochester City School District (Dkt. #5) is granted, and this case is remanded to New York State Supreme Court, Monroe County.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
  November 13, 2017